IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LEON ELLIOTT                                                                                   PLAINTIFF

vs.                                           Civil No. 4:10-cv-04106

MICHAEL J. ASTRUE                                                                      DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Leon Elliott ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed this disability application on April 26, 2006.[2]  (Tr. 11, 50-55).  In his application, Plaintiff alleged he was disabled due to a hip and neck injury and high blood pressure.  (Tr. 57).  Plaintiff originally alleged an onset date of January 29, 1992, but Plaintiff later amended that alleged onset date to April 26, 2006.  (Tr. 11, 50, 63, 633).  This application was denied initially

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

[2] Plaintiff also filed a previous application which was denied on September 12, 2002.  (Tr. 64).

1

and again on reconsideration. (Tr. 31-32).

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 19-25). An administrative hearing was held on January 10, 2008 in Texarkana, Arkansas. (Tr. 630-648). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Charles Turner testified at this hearing. *Id.* On the date of this hearing, Plaintiff was fifty-four (54) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008), and had finished the tenth grade in school. (Tr. 632-633).

On April 23, 2008, the ALJ entered an unfavorable decision denying Plaintiff's disability application. (Tr. 11-18). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 26, 2006, his application date. (Tr. 13, Finding 1). The ALJ determined Plaintiff had the following severe impairments: osteoarthritis, disorder of the back, and pancreatitis. (Tr. 13, Finding 2). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4 ("Listings"). (Tr. 13, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 13-17, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except he has mild to moderate pain and can lift 20 pounds occasionally,

> 10 pounds frequently, stand and/or walk about 6 hours in an 8-hour workday, and sit about 2 hours in an 8-hour workday, alternate between sitting and standing as needed, push and/or pull 20 pounds occasionally, and 10 pounds frequently, climb, balance, stoop, bend, crouch, kneel and crawl, and reach overhead with his right and left extremity occasionally.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 17, Finding 5). Based upon that review, the ALJ found Plaintiff had not worked in fifteen years and had no PRW. (Tr. 17, Finding 5). The ALJ then determined whether Plaintiff, considering his work experience, age, education, and RFC, could perform other work existing in significant numbers in the national economy. (Tr. 17-18, Finding 9). In order to make this determination, the ALJ heard testimony from the VE. *Id.* Specifically, the VE testified that, given all his vocational factors, Plaintiff retained the ability to perform representative occupations such as assembly work (as in plumbing and hardware assembler) with 200,000 such jobs existing regionally and 1,000,000 such jobs existing nationally. (Tr. 18, 645-646). Based upon this finding, the ALJ determined Plaintiff had not been disabled within the meaning of the Act at any time from the day he filed his application on April 26, 2006 through the date of the ALJ's decision or through April 23, 2008. (Tr. 18, Finding 10).

Thereafter, on April 29, 2008, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 7). *See* 20 C.F.R. § 404.968. On June 25, 2010, the Appeals Council declined to review the ALJ's unfavorable disability determination. (Tr. 2-4). On July 19, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on July 23, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff argues his case must be reversed and remanded and raises the following three points on appeal: (1) the ALJ erred when he found he did not meet Listings 1.02 and 1.05; (2) the ALJ improperly evaluated his subjective complaints; and (3) the ALJ improperly evaluated his RFC. ECF No. 8 at 8-16. In response, Defendant argues that the ALJ's disability determination is supported by substantial evidence in the record, and Plaintiff's claims offer no basis for reversal. ECF No. 9. Because this Court finds the ALJ erred in his RFC determination, this Court will only address Plaintiff's third argument for reversal.

Plaintiff makes several claims regarding the ALJ's RFC determination. ECF No. 8. Importantly, Plaintiff claims the ALJ failed to properly consider his need to use a cane to walk or

5

balance. *Id.* at 9.  As a part of his testimony during the administrative hearing, Plaintiff claimed he had been using a cane since he had been in prison.[3]  (Tr. 637).  Specifically, Plaintiff testified the following regarding his need to use a cane:

> Q:  I notice that you have a cane with you today, why do you have to use the cane?
>
> A:  For my balance, sometimes I get off balance because of my hip and everything.  I've got to catch myself.  If I don't I'll fall.
>
> Q:  So you use the cane to help you walk to maintain your balance?
>
> A:  Yes sir.  Yes sir.  I've been had this cane when I was in the joint.

(Tr. 637).  Plaintiff also claims in his briefing that he "cannot walk or balance without the use of a cane."  ECF No. 8 at 9.

The ALJ noted in his opinion that Plaintiff had been prescribed a cane while in prison.[4]  (Tr. 15).  The ALJ also noted that Plaintiff's medical records demonstrated Plaintiff had to continue to use this cane through 2005 in order to walk.  (Tr. 15).  After Plaintiff was released from prison in 2006, it does not appear that his need to use a cane was specially referenced in his medical records.  However, on December 7, 2006, Plaintiff was examined by Dr. Michael C. Young, M.D. as a part of a consultative examination.  (Tr. 202-208).  During this examination, Dr. Young reported that Plaintiff carried "his cane in his right hand" but had "no limp."  (Tr. 206).  Dr. Young did not give any other opinions regarding Plaintiff's need to use a cane to walk or balance.

Even though Dr. Young did not specifically address whether Plaintiff still required the use of a cane to walk or balance, it appears the ALJ used Dr. Young's finding that Plaintiff had "no limp"

---

[3] Plaintiff testified at the administrative hearing that he had been in prison from November 10, 2003 through April 21, 2006.  (Tr. 633).

[4] Based upon his medical records, it appears Plaintiff was prescribed this cane in 2004.  (Tr. 256)

6

as a basis for his opinion that Plaintiff no longer required the use of a cane in order to walk or balance. (Tr. 15-16). There does not appear to be any other medical evidence supporting the ALJ's finding that Plaintiff no longer needed to use a cane. Indeed, when discounting Plaintiff's claim that he needed to use a cane, the ALJ failed to provide a basis for his determination:

> Regarding precipitating and aggravating factors for pain, the claimant testified that he had to use a cane because he gets off balance, due to his hip, and falls. It is important to note that the mere fact that work activity may cause some degree of pain or other discomfort does not require the finding of disability. Jones v. Chater, 86 F.3d 823, 826 (8th Cir. 1996).

(Tr. 16). Thus, this Court can only presume the ALJ relied upon Dr. Young's findings.

Based upon this record, and the fact Plaintiff had been prescribed a cane to walk and balance, Dr. Young's findings do not provide a sufficient basis for discounting Plaintiff's claim that he requires the use of a cane to walk or balance. *See Cox v. Barnhart,* 345 F.3d 606, 610 (8th Cir. 2003) (holding that "the results of a one-time medical evaluation do not constitute substantial evidence on which the ALJ can permissibly base his decision") (citation omitted).

Further, even if his findings could provide substantial support for the ALJ's finding regarding Plaintiff's use of a cane, it is uncertain whether a notation of "no limp" even establishes Plaintiff no longer needs to use a cane. Accordingly, because the ALJ did not properly consider Plaintiff's need to use a cane to walk or balance, this Court finds the ALJ's RFC determination is not supported by substantial evidence in the record.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure

52 and 58.

**ENTERED this 29th day of July, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE